



Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: 516.681.1100
Facsimile: 516.681.1101
www.kdvlaw.com

**Aaron N. Solomon, Esq.**
Email: ASolomon@kdvlaw.com

May 22, 2020

**VIA ECF**
The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:    **Nesia Allen v. Lodging Solutions, LLC et al.,**
**Docket No.: 2:20-cv-00859**

Dear Judge Komitee:

We represent Defendants Lodging Solutions, LLC ("Lodging Solutions"), Accommodation Services, Inc. ("Accommodation Services"), Accommodations Plus, Inc. ("Accommodations Plus"), API Airport Services, LLC ("API Airport"), Antoine Kamel ("A. Kamel"), Fred Kamel ("F. Kamel"), Ramzi Kamel ("R. Kamel"), Rich McLeer ("R. McLeer"), Donna McManus ("D. McManus"), Sandra Crosby ("S. Crosby"), and Lou Orsi ("L. Orsi"), (collectively, "Defendants"), in the above-referenced mater. In accordance with the Court's Individual Practices, we write to respectfully request a pre-motion conference in anticipation of our motion, pursuant to Rule 12(b)(6), seeking dismissal of Plaintiff Nesia Allen's ("Plaintiff") Complaint.

This is an action in which Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants. As set forth herein, Plaintiff fails to allege that Defendants were a single integrated enterprise or Plaintiff's "employers." Additionally, Plaintiff's claims under NYLL for unpaid spread-of-hours pay must be dismissed because spread of hours is not required if employees earn in excess of the minimum wage.

A. **Plaintiff's Allegations**

Plaintiff alleges that she worked for Defendants as an airline support specialist from June 2017 until the termination of her employment on or about June 2, 2019. *See* Plaintiff's Complaint*, Exhibit A, at ¶ 25. Plaintiff alleges that prior to March 2018, she earned $18 per hour. *See* Ex. A, at ¶ 25. Plaintiff alleges that from March 2018 through February 2019, she earned $18.54 per hour. *Id.* Plaintiff further alleges that from February 2019 through the date of her termination, she earned $19.28 per hour. *Id.* Plaintiff further purports that she "regularly worked 10 or more hours per day and 40 or more hours per week"… ranging from 42 hours to 61 hours per week throughout her employment. *Id.* at ¶ 26. Plaintiff claims that Defendants failed to pay her and others similarly situated spread of hours for hours worked in excess of 10 in any given day. *Id.* at ¶ 27. Plaintiff further claims that Defendants failed to pay her and others similarly situated overtime based on hours worked in an individual week. *Id* at ¶ 28.

B. **Plaintiff Cannot State a Claim Through Impermissible "Group Pleading"**

Plaintiff's claims against the Corporate Defendants[1] and the Individual Defendants[2] must be dismissed because Plaintiff fails to specify any facts giving rise to a specific cause of action against each of them. "Threadbare recitals of the elements of a cause of action do not suffice to state a claim as Rule 8 [of the Federal Rules of Civil Procedure]…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. 662, 678-79 (2005). To meet this standard, Plaintiff must allege enough facts regarding each Defendants' involvement to state a facially plausible claim for relief against each Defendant. *See Bell Atl. Corp.,* 550 U.S. 544, 570 (2007).

Here, Plaintiff's Complaint does not contain a single *factual allegation* that supports the existence of an "integrated enterprise." Instead, Plaintiff baldly alleges that "All of the Corporate Defendants are operated as a single enterprise ("API Enterprise"), doing business variously as API Global Solutions, Accommodations Plus International and similar names. The Corporate Defendants comprising the API Enterprise are engaged in related activities, share common ownership and/or management, and have a common business purpose." *See* Ex. A, at ¶ 9. Simply put, Plaintiff's "integrated enterprise" claims against the Corporate Defendants cannot be supported by such a conclusory allegation. *See Morangelli v. Chemed Corp,* 922 F.Supp.2d 278 (E.D.N.Y. 2013) (Plaintiffs failed to establish the existence of an integrated enterprise because they did not adduce that parent company had "control over labor relations"); *Santana v. Fishlegs, LLC, No. 13 Civ. 01628 (LGS),* 2013 WL 5951438 (S.D.N.Y. Nov. 7, 2013) ("integrated enterprise" claim against five restaurants, in which Plaintiffs never worked, dismissed due to Plaintiffs' failure to allege facts establishing that the same unlawful practices existed at those locations). As well, allegations are insufficient to impose liability on multiple corporate defendants on the theory that they are a single integrated enterprise where, as here, the pleadings fail to sufficiently allege that each of the corporate defendants had any formal or functional control over the plaintiff. *See Chui-Fan Kwan v. Sahara Dreams Co. II, Inc.* 2018 WL 6655607 at \*3 (S.D.N.Y. Dec. 19, 2018).

Moreover, Plaintiff failed to plead facts that, if taken as true, establish that each Defendant was an "employer" under the FLSA and NYLL. Instead, Plaintiff merely alleges that the Individual Defendants "had the power to (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of payment, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of their employment." *See* Ex. A, at ¶ 49. This bald recitation of the standard for individual liability under the FLSA and NYLL is insufficient. Indeed, the Supreme Court has directed that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bravo v. Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, \*18-19, (S.D.N.Y. Oct. 3, 2013) *citing Twombly*, 550 U.S. at 555 (internal quotations, citations and alterations omitted); *Serrano v. I. Hardware Distrib., Inc.*, 2015 WL

---

[1] The term "Corporate Defendants" refers to Lodging Solutions, Accommodation Services, Accommodations Plus, and API Airport.
[2] The term "Individual Defendants" refers to A. Kamel, F. Kamel, R. Kamel, R. McLeer, D. McManus, S. Crosby, and L. Orsi.

4528170, at *3 (S.D.N.Y. July 27, 2015) (rejecting the same boilerplate allegations against the principal and CEO of a corporate defendant); *Chui-Fan Kwan,* 2018 WL 665607, at *4 (same).

## C. **Plaintiff Fails to State a Cause of Action For Unpaid Spread of Hours Pay**

Plaintiff's individual and class-wide claim for unpaid spread of hours pay fails because Plaintiff was paid at an hourly rate far in excess of minimum wage.

In New York State, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours." 12 N.Y.C.R.R. § 142-2.4. However, in an opinion letter, the New York State Department of Labor interpreted 12 N.Y.C.R.R. § 142-2.4 as precluding spread of hours pay for employees paid more than minimum wage. *See* Exhibit B ("if an employee's total weekly compensation is equal to or greater than the total minimum wages due to the employee for that workweek, including an additional hour for each day in which the 'spread of hours' exceeds ten, no additional payments are due to the employee because the employee earns sufficiently more than the statutory minimum wage."). The majority of courts in this Circuit have adopted the Department of Labor's interpretation. *See e.g.*, *Guadalupe v. Tri-State Employment Management & Consulting, Inc.*, No. 10-3840, 2013 WL 4547242, at *12 (E.D.N.Y. Aug. 28, 2013) (no spread of hours compensation available where plaintiffs' hourly rates ranged from $13.88 to $18.00, well in excess of the applicable minimum wage); *Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC,* No. 10-1741, 2012 WL 1004848, at *7–8 (E.D.N.Y. March 23, 2012) ("the strong weight of authority and the plain statutory language lead this court to the conclusion that an employer need only pay spread of hours wages to employees making minimum wage.").

Here, Plaintiff acknowledges in her Complaint that she earned at the very least, $18 per hour in 2018 and that her wages increased thereafter. In 2018, the minimum wage was $15 per hour for large employers in New York City. Accordingly, since Plaintiff has plead that she earned an hourly rate which was in excess of the minimum wage, dismissal of the spread of hours claim is appropriate. *Pichardo v. Hoyt Transp. Corp.*, 2018 WL 2074160, at * 11 (N.D.N.Y. Jan. 31, 2018) ("The court recommends that the District Court grant the motion to dismiss as it pertains to spread of hours pay where Plaintiff alleged in the Complaint that she earned more than the minimum wage.") (collecting cases). Accordingly, Plaintiff's spread of hours claim should be dismissed with prejudice.

Accordingly, for the foregoing reasons, Defendants respectfully request that the Court schedule a pre-motion conference during which Defendants shall ask for permission to file a motion to dismiss Plaintiff's Complaint.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Aaron Solomon

4817-9001-1581, v. 1