# EXHIBIT A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

NESIA ALLEN, *on behalf of herself, FLSA Collective Plaintiffs and the Class*

        Plaintiff,

v.                                         Civil Action No.: 20-cv-0859

LODGING SOLUTIONS, LLC,
d/b/a ACCOMMODATIONS PLUS
INTERNATIONAL INC.
        Defendant.

---

**If you were employed by Lodging Solutions LLC d/b/a Accommodations Plus International ("Defendant") at as a non-exempt employee from October 27, 2017 through May 23, 2020, please read this Notice.**

DATED:     [_____, 2022]

**<u>PLEASE READ THIS NOTICE CAREFULLY</u>**

**This Notice relates to a proposed settlement of a class and collective action litigation. It has been authorized by a federal court. This is not a solicitation from a lawyer. This notice contains important information as to your right to participate in the settlement, make a claim for payment or elect not to be included in the class.**

## INTRODUCTION

A former employee of Defendant, Nesia Allen (the "Named Plaintiff"), filed a lawsuit for allegedly unpaid overtime compensation, and other claimed damages against Defendant. The Court in charge of this case is the United States District Court for the Eastern District of New York. The lawsuit is known as *Allen v. Lodging Solutions, LLC et. al.*, Case No. 2:20-cv-00859. The person who filed the lawsuit is called the Plaintiff. Plaintiff alleges in the lawsuit that, among other things, Defendant failed to pay her and other non-exempt hourly employees the proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendant denies the Named Plaintiff's allegations. Defendant denies that the Named Plaintiff and the Class are owed any additional compensation. Defendant contends that Plaintiff and the Class were compensated appropriately.

- Plaintiff and Defendant have settled. Defendant agreed to pay a total of $200,000 (the "Settlement Fund") that will be used to pay current and former employees who qualify. Defendant agreed to settle, but denies any wrongdoing. The Court has not decided who is right and who is wrong.

1

- If you were employed by Defendant as a non-exempt employee from October 27, 2017 to May 23, 2020, your individual settlement payment will be based on the length of time you worked for Defendant between October 27, 2017 and May 23, 2020.

- The lawyers for the employees have asked the Court for $69,000 of the Settlement Fund as attorneys' fees and costs, to compensate them for investigating the facts, litigating the case, and negotiating the settlement.

- Read this notice carefully. Your legal rights may be affected whether you act or don't act. You have a choice to make now:

- Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything at this time. Once the settlement is approved by the Court, you will automatically be mailed a check for your allocated settlement amount, provided you do not opt out of the settlement. |
| **EXCLUDE YOURSELF ("OPT OUT")** | If you wish to exclude yourself ("opt out") from the lawsuit you must follow the directions outlined in response to question 7 below. If you exclude yourself, you will receive no payment. This is the only option that allows you to ever be part of another lawsuit against Defendant about the claims in this case. |
| **OBJECT** | If you wish to object to the settlement, you may write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection, you will still be bound by the terms of the settlement for claims relating to unpaid wages under New York Law, and/or any state or local statute, rule, regulation or ordinance governing the payment of wages unless you submit a valid and timely opt-out form. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

## **BASIC INFORMATION**

**1. Why did I receive this notice?**

You have received this notice because Defendant's records show that you worked as a non-exempt employee of Defendant at sometime between October 27, 2017 through May 23, 2020. Therefore, Defendant's records show that you are a member of the Class. The Court ordered that you be sent this notice because you have a right to know about this proposed settlement, and your options, before the Court decides whether to approve the settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

2

### 2. What is a class and collective action?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable Arlene R. Lindsay, United States Magistrate Judge of the United States District Court for the Eastern District of New York is presiding over this class action. Judge Lindsay has not made any determination about who is right or wrong in this lawsuit.

A collective action is a lawsuit, similar to a class action, where one or more persons sue not only for themselves but for similarly situated individuals who have similar claims under the Fair Labor Standards Act ("FLSA"). In a collective action, an individual must affirmatively "opt into" the case.

By endorsing and depositing a settlement check, you will automatically be included in the collective action for the federal claims and release any wage and hour claims that you could have asserted for the period October 27, 2017 to May 23, 2020. If you timely exclude yourself from the settlement by following the procedures described in Paragraph 12, your FLSA claims will be unaffected and you will retain the right to sue Defendants for your wage and hour claims under the FLSA. Likewise, if you do not opt out of the settlement but fail to timely cash your settlement check, your FLSA claims will also be unaffected and you will retain your right to sue Defendants for your wage and hour claims under the FLSA.

### 3. Why is there a settlement?

The Court did not decide in favor of the Named Plaintiff or Defendant. The Named Plaintiff thinks she could have won if she went to trial. The Defendant thinks the Named Plaintiff and the Class would not have won anything from a trial. But, there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the costs, delays, and uncertainties associates with a trial, and the employees allegedly affected will get compensation.

Before entering into this settlement, Class Counsel analyzed and evaluated the claims made against Defendant in the Litigation, investigated Defendant's pertinent payroll policies, and analyzed payroll data for the Named Plaintiff and a sample of the potential Class Members. Based upon Class Counsel's analysis and evaluation of this data, relevant law, and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel entered into this proposed settlement.

Accordingly, Class Counsel believes that the terms and conditions of the settlement are fair, reasonable, and adequate and that the settlement is in the best interest of the Named Plaintiff and the Class Members.

### 4. How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked for Defendant as a non-exempt employee during the period of October 27, 2017 to May 23, 2020. In addition, in order to receive

money from the settlement, you must not have assigned or transferred away your rights to participate in the settlement.

### 5. What do I do if I am still not sure if I am included?

The Court has designated the law firm of Lee Litigation Group, PLLC, 128 West 24th Street, 8th Floor, New York, New York 10016, as qualified to represent you and all Class Members. If you are still not sure whether you are included, you can call Class Counsel, at (212) 465-1180for more information. You can also contact the settlement claims administrator. The settlement claims administrator's contact information is included in this notice.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the settlement provide?

Defendants have agreed to establish a settlement fund in the amount of $200,000 to be divided among current and former employees who are covered by the settlement. The settlement fund shall cover payments to Class Counsel for attorneys' fees and costs totaling up to $69,000, payment to Plaintiff for her service to the Class (up to $2,500), and the costs of administering the settlement (to be awarded to the settlement claims administrator in an amount up to $15,000). The remaining amount, after attorneys' fees and costs, service payments, and administrative fees have been deducted, shall be divided among Class Members in accordance with the formula described below. The amount that remains for division amongst class members after all of the deductions is known as the Net Settlement Fund.

### 7. How will my payment be calculated?

Based on the Settlement Agreement, each Class Member receive a percentage of the Net Settlement Fund that is calculated based upon the number of weeks that each Class Member worked for Defendant during the period of October 27, 2017 to May 23, 2020.

Each Class Member's percentage of the Net Settlement Fund is calculated by: (i) taking the weeks worked by an individual Class Member during the period of October 27, 2017 to May 23, 2020, and (ii) dividing it by the sum of all of the weeks worked by all of the Class Members during the period of October 27, 2017 to May 23, 2020. This calculation yields the individual Class Member's percentage of the Net Settlement Fund.

Next, each Class Member's percentage of the Net Settlement Fund is multiplied by the Net Settlement Fund to determine each Class Member's Individual Settlement Allocation.

For more information about the formula, please contact the settlement claims administrator.

### 8. What am I giving up if I stay in the Class?

Pursuant to the Settlement Agreement, Unless you exclude yourself ("opt-out") (as explained in Section 12 below), you will remain in the Class and you will release all of your wage-related claims against Defendant and/or the Released Entities, from the beginning of time until the Court enters

4

its Final Approval Order approving this settlement, arising under the New York Labor Law and/or any other state or local statute, rule, regulation or ordinance governing the payment of wages.

If you sign, cash, or otherwise negotiate your settlement check, then you will remain in the Class and you will release all of your wage-related claims against Defendant and/or the Released Entities, for the period from the beginning of time until the Court enters its Final Approval Order approving this settlement, arising under the Fair Labor Standards Act, the New York Labor Law, and/or any other state or local statute, rule, regulation or ordinance governing the payment of wages.

Releasing a claim means that you cannot sue or be party to any other lawsuit against Defendant and/or the Released Entities about that claim.

The Settlement Agreement contains the complete terms of the release. The Released Entities are identified in the Settlement Agreement. You can get a copy of the Settlement Agreement from Class Counsel or the settlement claims administrator.

Unless you exclude yourself from the Class, all of the Court's orders will apply to you and legally bind you.

## HOW TO GET A SETTLEMENT PAYMENT

### 9. How can I get a settlement payment?

You do not need to do anything to receive the payment identified in Section 7 at this time. You will be sent a settlement check if and when the Court approves the settlement and after all appeals have been exhausted. If you choose to exclude yourself, then you will not receive a payment. Any uncashed checks, 180 days after issuance, will be cancelled and the unclaimed funds will be donated as a *cy pres* charitable donation.

### 10. When will I receive a settlement payment?

The Court will hold a fairness hearing to determine whether to approve the settlement, as described in more detail in Section 19. If the Court approves the settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 11. How will my payment be taxed?

Fifty percent (50%) of your payment will be taxed as wages and fifty percent (50%) will be taxed as 1099-Misc non-wage income representing liquidated damages and interest. Neither Class Counsel nor Defendant makes any representations concerning the tax consequences of this settlement and you are advised to seek your own personal tax advice regarding the tax implications of the settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to release any potential claims against Defendant, and also agree to not receive a payment from this settlement, then you must take steps to get out. This is called excluding yourself —or is sometimes referred to as opting out of the settlement Class.

### 12. How can I exclude myself from the settlement?

If you want to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the Lodging Solutions wage and hour settlement" and include your name, address, and telephone number ("Opt-out Statement"). Your exclusion request must be postmarked no later than [_____], 2022 and must be mailed to the settlement claims administrator at the address below:

INSERT SIMPLURIS ADDRESS

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. If you exclude yourself from the lawsuit, you may not object to it.

### 13. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendant or the Released Entities for claims from the beginning of time until the date the Court enters its Final Approval Order approving this settlement, relating to the payment of wages, under the NYLL and/or any other state or local statute, rule, or ordinance governing the payment of wages.

If you sign, cash, or otherwise negotiate your settlement check, then you will also release your claims under the Fair Labor Standards Act as described in Section 8 above.

### 14. If I exclude myself, can I get money from the settlement?

No. If you exclude yourself, you will not receive any money from this settlement. If you exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendant regarding the same claims at issue in this case.

### 15. Do I have a lawyer in this case?

The law firm of Lee Litigation Group, PLLC, 148 West 24th Street, 8th Floor, New York, NY 10011, has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the service providers be paid?

Class Counsel will ask the Court to approve payment of up to $63,142.75 (31.6% of the total settlement fund established by Defendant) to them for attorneys' fees, plus additional costs and expenses to be determined, up to $5,857.25. The fees are compensation for all work performed by

Class Counsel in this action including filing briefs, engaging in discovery, investigating the facts, attending court conferences and negotiating and overseeing the settlement.

The Court can approve payment of up to $15,000 to the settlement claims administrator for the fees it incurs in connection with administering the settlement. The settlement administration fees will be paid from the settlement fund.

# OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement of your claims under New York Law unless you have submitted a valid and timely request for exclusion. To object, you must send a letter saying that you object to the settlement in *Allen v. Lodging Solutions, LLC et. al.*, Case No. 2:20-cv-00859. Your statement must include all reasons for the objection and any supporting documentation in your possession. Your statement must also include your name, address, and telephone number. You statement should be as detailed as possible otherwise the Court may not allow you to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection.

Your objection will not be heard unless it is mailed to the Settlement Administrator via First Class United States Mail and post-marked by [_____], 2022 at the address provided in this notice.

The settlement claims administrator will share your objection with Class Counsel and Defendant's counsel and your objection statement will be filed with the Court.

You may not object to the settlement if you submit a letter requesting to exclude yourself or "opt-out" of the settlement of the lawsuit.

**18. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

The Court will hold a hearing to decide whether to approve the settlement. Class Counsel will answer questions the Judge may have. If you want to object to the settlement, you may also come to the Fairness Hearing at your own expense. You can also pay your own lawyer to attend but it is not necessary. The Court may, or may not, permit you (or your lawyer) to speak at the Fairness Hearing. However, you do not need to come to the Fairness Hearing.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You can attend this hearing. But, you do not have to.

### 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [_____] a.m./p.m. on [_____], 2022, in Courtroom [____], at the United States District Court for the Eastern District of New York, 814 Federal Plaza, Central Islip, New York 11722.

At this hearing the Court will consider whether the terms of the settlement are fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 20. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by asking for a copy of the Settlement Agreement by writing or calling the Settlement Administrator.

### 21. How do I get more information?

If you have other questions about the settlement, you can contact the settlement claims administrator, or Class Counsel at the address and telephone number below.

C.K. Lee
Lee Litigation Group PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Telephone: (212) 465-1180


DATED:    [_____], 2022