```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```
NESIA ALLEN, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class,*

                                          Plaintiff,                    **ORDER**
                                                                                 20-CV-0859 (ARL)
          -against-

LODGING SOLUTIONS, LLC, d/b/a
ACCOMMODATIONS PLUS INTERNATIONAL
INC.,

                                          Defendant.
```
-------------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

       Plaintiff Nesia Allen and Defendant Lodging Solutions, LLC, d/b/a Accommodations Plus International Inc. ask the Court for (1) for preliminary approval of class action settlement and plan of allocation; (2) conditional certification and collective of the settlement class; (3) directing dissemination of notice and related material to the class, and (4) setting date for fairness hearing and related dates in this wage and hour class and collective action. On July 7, 2021 the parties indicated that they had reached a proposed settlement as set forth in the Settlement Agreement and Release (the "Agreement"). On November 5, 2021, this Court denied the motion without prejudice to renewal to address the concerns raised in that order (the "November Order"). Specifically, this Court denied the parties' request for preliminary approval of the settlement without prejudice to refiling, noting that before the Court could consider the fairness of the proposed settlement the parties must restructure the settlement to provide for an opt-in procedure by which Opt-In Plaintiffs may either affirmatively consent to the settlement or otherwise not be bound by it prior to final approval of the settlement and must include a provision requiring any consents to be filed with the Court prior to final approval. *Id.*

On March 18, 2022, the parties submitted a letter attaching an Addendum to the Settlement Agreement and Release ("Addendum" and, together with the Agreement, "Revised Agreement")) once again seeking preliminary approval of the settlement. The March 18, 2022, joint letter submitted to the Court described a procedure to address the structural concerns raised by the Court concerning the collective action opt-in procedures proposed by the parties in the original settlement ("March Letter"). ECF No. 58. The parties proposed that after preliminary approval, a notice will be distributed to the class that explicitly advising them that they need not waive their FLSA claims because they can opt out or decline to cash their check. *Id*. The class members will be told in their notice that they will be afforded the opportunity to appear at a fairness hearing to voice any concerns about the settlement. *Id*. at 1. After the fairness hearing, the Court will issue an order authorizing distribution of the settlement checks. *Id*. According to the procedure described by the parties in the March Letter, the Court must enter a separate order to dismiss the action but only after a list of the collective action members that have cashed their checks is publicly docketed and delivered and the time to cash them expires. *Id.* at 2. As recognized by the parties, this ensures that class members "opt in" to the action on the docket and become parties within the meaning of FLSA § 216(b), before the action is terminated and dismissed with prejudice. *Id.*

However, Subsection(B) of Paragraph 2.10 of the Settlement Agreement, as amended by the Addendum, does not incorporate language reflecting the representations set forth in the March Letter and does not provide for the filing of a list of all collective members who have cashed their settlement checks and does not require the parties to seek final approval and dismissal after the filing of such list. Indeed, the language of Subsection(B) of Paragraph 2.10 in the Addendum is virtually identical to the language in the original Settlement Agreement.

"[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." *Id*. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. *See id.* Because the language of the Addendum does not reflect the language of the agreement as set forth in the March Letter, the Court rejects the proposed revised settlement as set forth in the Addendum with leave to refile in compliance with the terms described in the March Letter.

Dated: Central Islip, New York
       October 17, 2022

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge