UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NESIA ALLEN, *on behalf of herself,*
*FLSA Collective Plaintiffs and the Class,*

                                  Plaintiff,                  **ORDER**
                                                                20-CV-0859 (ARL)

      -against-

LODGING SOLUTIONS, LLC, d/b/a
ACCOMMODATIONS PLUS INTERNATIONAL
INC.,

                                  Defendant.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      The proposed settlement before the Court is a hybrid class and collective active action resolution. Plaintiff Nesia Allen and Defendant Lodging Solutions, LLC, d/b/a Accommodations Plus International Inc. initially entered a settlement as set forth in the Settlement Agreement and Release on July 7, 2021 (the "Agreement"). On November 5, 2021, this Court denied the parties' original motion to approve the settlement without prejudice to renewal to address the concerns raised in that order (the "November 5, 2021 Order"). On March 18, 2022, the parties submitted a letter attaching an Addendum to the Settlement Agreement and Release ("Addendum" and, together with the Agreement, "Revised Agreement")) once again seeking preliminary approval of the settlement. Following a conference with the Court, the proposed notice to the class was further revised and submitted to the Court by letter dated October 11, 2022. ECF No. 59. By order dated October 17, 2022, this Court rejected the proposed revised settlement as set forth in the Addendum, and granted the parties leave to refile the proposed revised settlement in compliance with the terms described in the parties' March 18, 2022 joint letter. ECF No. 61. By letter dated November 21, 2022, the parties submitted a revised

addendum to the Settlement Agreement and Release. ECF No. 62. According to the Revised Addendum, Defendant is required to fund a $200,000 settlement fund (the "Settlement Fund") which will cover Class Members' awards, a service award to the Named Plaintiff, attorneys' fees and costs, and costs of settlement administration. Revised Addendum at 1. On December 14, 2022, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, approving Simpluris as Settlement Claims Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order").

On April 26, 2023, Plaintiffs filed an Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"). ECF No. 66. Plaintiffs also filed an Unopposed Motion for Approval of Service Award ("Motion for Service Award"), ECF No. 69, and an Unopposed Motion for Approval of Attorneys' Fees, Costs and Expenses and Administrative Fees ("Motion for Attorneys' Fees"). ECF No. 71. The Court held a fairness hearing on May 11, 2023. No Class Member objected to the settlement at the hearing. At the hearing, the issue of Defendants' compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 was raised. Defendants agreed to notify the Court of the status of the objections upon the conclusion of the ninety-day period proscribed by the statute. May 13, 2023. On May 17, 2023, Defendants notified the Court that no objections had been received. ECF No. 75.

Having considered the Motion for Final Approval, the Motion for Service Award, the Motion for Attorneys' Fees, along with all supporting documents, the oral argument presented at the May 11, 2023 fairness hearing, and the complete record in this matter, for the reasons set

forth therein and stated on the record at the May 11, 2023 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.[1]

2.      Pursuant to Rule 23, based on its findings in the Preliminary Approval Order, at the fairness hearing on May 11, 2023, and in the absence of any objections from Class Members to such certification, the Court confirms as final its certification of the Class for settlement purposes.

3.      Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

4.      The Court confirms as final the appointment of Plaintiff Nesia Allen as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

5.      The Court confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

6.      The Court finds that the requirements of CAFA have been satisfied.  On December 1, 2022, Defendants mailed CAFA notices to the appropriate federal and state officials, however, this notice did not include a date for the fairness hearing.  ECF No. 63.  On February 13, 2023, Defendants mailed a second CAFA notices to the appropriate federal and state officials which included a date for the fairness hearing.  ECF No. 65.  The Court held a settlement fairness hearing on May 11, 2023.  Since less than ninety days had passed, (although no comment or

---

[1] Except as otherwise noted, for purposes of this Order the Court adopts all defined terms as set forth in the Agreement.

objection had been received from any government official with regard to the proposed settlement through May 11, 2023), the Court directed Defendants to file a letter at the close of the ninety-day period advising the Court with respect to the status of the matter. On May 17, 2023, Defendants notified the Court that no objections had been received. ECF No. 75. Accordingly, the Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §§ 1715(d), (e)(2); *see also Reyes v. Nocera Rest., Inc.,* No. 16-cv-0455, 2020 U.S. Dist. LEXIS 96799 (E.D.N.Y. May 31, 2020) (the court held "the matter in abeyance until the expiration of the ninety (90) day notice period required by CAFA" and approved the settlement once the period had passed, and no comment or objection had been received from any government official with regard to the proposed settlement).

8. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations, two mediation sessions and after experienced

counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair under the framework set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). As discussed on the record at the settlement fairness hearing, all of the factors set forth in *Grinnell* weigh in favor of final approval. Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the lack of any objections and only 2 out of 363 Class Members (less than 1%) exercised their right to opt-out; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability and damages; (5) the risks of maintaining the class action through the trial; (6) the ability of Defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation.

12. The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel their requested fees of $63,142.75 (less than one-third of the Settlement Fund) which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of

Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.

15. The Court also awards Class Counsel reimbursement of a portion of their litigation expenses in the amount of $5,857.25, which are expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

16. The Court approves and finds reasonable the service award for Nesia Allen in the amount of $2,500. These amounts shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

17. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $15,000, which shall be paid out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement and Release.

18. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.

19. This litigation shall not be dismissed with prejudice, until Plaintiffs file a list of all opt-in Plaintiffs in accordance with the terms of the Revised Agreement.

20. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

Dated: Central Islip, New York
       May 19, 2023

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge